UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DE JONG,<br><br>        Plaintiff,<br><br>    v.<br><br>NATIONSTAR MORTGAGE LLC,<br><br>        Defendant. | Case No. 24-cv-00622-JST<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: ECF No. 23 |

Before the Court is Defendant Nationstar Mortgage LLC's motion for summary judgment. ECF No. 23. The Court will grant the motion.

## I. BACKGROUND

This case concerns Plaintiff Mark De Jong's mortgage for a residential property located in Petaluma, California. The following facts are undisputed, *see* ECF No. 28-3 (De Jong's response to Nationstar's statement of undisputed facts): De Jong and Manuela De Jong (collectively, "Borrowers") obtained the mortgage in June 2007. Nationstar began servicing the loan on July 1, 2013. Borrowers' interest in the property was transferred to De Jong as an individual in January 2016, but the mortgage has never been refinanced.

Borrowers defaulted on the loan in 2015. De Jong sued Nationstar in May 2017. While a motion to dismiss was pending, Borrowers agreed to and were approved for a loan modification in December 2017, and De Jong voluntarily dismissed the lawsuit.

Borrowers defaulted again in 2019. The May 2019 mortgage payment remains due, and no payments have been made on the loan since June 2019.

De Jong sued Nationstar for a second time in February 2020. The parties resolved that case by settlement agreement. ECF No. 26 at 75–82. Nationstar agreed to:

> place Plaintiff's Loan into Forbearance, which shall remain in effect until November 30, 2020, and during this time Defendant shall not proceed with foreclosure. Notwithstanding this forbearance, nothing herein shall otherwise waive or release Plaintiff from his obligations under the Note and Deed of Trust, and Plaintiff remains liable and affirms all payments and obligations due thereunder.

*Id.* at 76. De Jong agreed that, if he did "not reinstate the Loan or provide a complete and total payoff of the Loan on or before November 30, 2020," he would:

> acknowledge[] that he defaulted under the terms and conditions of the Note and Deed of Trust, and . . . consent[] to Defendant . . . proceeding with a consent, judicial, or non-judicial foreclosure. Plaintiff expressly waives any and all rights and defenses he may have to challenge[] or contest said foreclosure or sale, including, but not limited to, any claims or defenses contesting his default under the Note and Deed of Trust or contesting the validity of the foreclosure process or sale.

*Id.*

Borrowers' forbearance was subsequently extended through the end of November 2021. Since that time, De Jong has submitted five loan modification applications, including one during the pendency of this lawsuit. Each application has been denied.

De Jong sued Nationstar for a third time in June 2022. He voluntarily dismissed that case on December 8, 2023, while a motion for judgment on the pleadings was pending. He filed this case in state court twelve days later, and Nationstar removed the case to this Court on February 2, 2024. ECF No. 1.

The complaint asserts four claims for relief: (1) violation of California Civil Code Section 2923.7; (2) breach of the implied covenant of good faith and fair dealing; (3) intentional interference with prospective economic advantage; and (4) violation of California Business and Professions Code Section 17200 *et. seq.*, California's Unfair Competition Law. Nationstar has moved for summary judgment on all claims.

**II.     JURISDICTION**

The Court has jurisdiction under 28 U.S.C. § 1332(a).

**III.    LEGAL STANDARD**

Summary judgment is proper when a "movant shows that there is no genuine dispute as to

2

1   any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).
2   A dispute is genuine only if there is sufficient evidence "such that a reasonable jury could return a
3   verdict for the nonmoving party," and a fact is material only if it might affect the outcome of the
4   case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When deciding a motion for
5   summary judgment, the court must draw "all justifiable inferences" in the nonmoving party's
6   favor and may not weigh evidence or make credibility determinations. *Id.* at 255.

    Where the party moving for summary judgment would bear the burden of proof at trial, that party "has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000).  Where the party moving for summary judgment would not bear the burden of proof at trial, that party "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  If the moving party satisfies its initial burden of production, the nonmoving party must produce admissible evidence to show that a genuine issue of material fact exists. *Id.* at 1102–03.  It is not the court's duty "to scour the record in search of a genuine issue of triable fact"; instead, the nonmoving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995)).  If the nonmoving party fails to make the required showing, the moving party is entitled to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

## IV.     DISCUSSION

### A.     Effect of 2020 Settlement Agreement

Nationstar argues that De Jong's lawsuit is barred by the 2020 settlement agreement. De Jong does not dispute the existence of that agreement or its terms.  Instead, he argues that: (1) Nationstar waived enforcement of the agreement by "plac[ing] Plaintiff's loan into a forbearance agreement that endured for a year," an act that De Jong contends "nullified the Uncontested Foreclosure provision of the Settlement Agreement [that Nationstar] now seeks to

invoke," and (2) Nationstar cannot "invoke the terms of a settlement agreement to insulate it from its own misconduct." ECF No. 28 at 11–12.  Although De Jong relies on correct statements of law, neither argument is persuasive based on the undisputed facts of this case.

First, De Jong has not met his burden to show a triable issue as to whether Nationstar waived enforcement of the agreement.  "To establish waiver under generally applicable contract law, the party opposing enforcement of a contractual agreement must prove by clear and convincing evidence that the waiving party knew of the contractual right and intentionally relinquished or abandoned it."  *Quach v. Cal. Com. Club, Inc.*, 16 Cal. 5th 562, 584 (2024).  In this case, nothing in the agreement required Nationstar to seek foreclosure immediately, nor did the agreement prohibit Nationstar from attempting to work with De Jong to avoid foreclosure.  De Jong has cited no authority, and this Court is aware of none, for the proposition that voluntarily working with an adverse party to attempt to reach an alternate resolution to a contracted outcome—in this case, foreclosure—is "so inconsistent with an intent to enforce the contractual right as to lead a reasonable factfinder to conclude that the party had abandoned it."  *Id.*

Second, De Jong argues that Nationstar's misconduct makes it inequitable to enforce the agreement but relies on an inapposite principle of contract law to support his argument.  He seeks to apply the principle that "[a] party to a contract cannot take advantage of his own act or omission to escape liability thereon.  Where a party to a contract prevents the fulfillment of a condition or its performance by the adverse party, he cannot rely on such condition to defeat his liability."  *Nelson v. Reisner*, 51 Cal. 2d 161, 171 (1958) (quoting *Unruh v. Smith*, 123 Cal. App. 2d 431, 437 (1954)).  But De Jong presents no evidence of any conduct by Nationstar that prevented De Jong from fulfilling the condition that he reinstate or pay off the mortgage prior to November 30, 2020. Thus, the principle on which De Jong relies has no relevance to this case.

De Jong does not present any evidence that he "reinstate[d] the Loan or provide[d] a complete and total payoff of the Loan on or before November 30, 2020," ECF No. 26 at 76, and, to the contrary, agrees that "[t]he last payment applied to the Loan was made in June 2019," ECF No. 28-3 at 4.  Nor does De Jong dispute that he filed this lawsuit to "stop the foreclosure process," *id.* at 15 (quoting ECF No. 25 at 4–5 (De Jong's deposition testimony)), or argue that, if

valid and enforceable, the 2020 agreement bars this lawsuit, *see* ECF No. 28 at 11–12. Accordingly, having rejected both of De Jong's arguments as to why the 2020 agreement should not be enforced, the Court concludes that Nationstar is entitled to summary judgment based on that agreement. The Court does not reach the parties' remaining arguments regarding the merits of De Jong's claims.

### B.     Leave to Amend

In his opposition brief, De Jong seeks leave to amend, under Rule 15(a)(2) of the Federal Rules of Civil Procedure, to state a new claim for violation of California Civil Code Section 2923.6.[1] However, the Court set a deadline of May 17, 2024, to amend the pleadings and explained that, "[a]fter this deadline, a party may still seek amendment, but must demonstrate good cause. Fed. R. Civ. P. 16(b)(4)." ECF No. 13 at 1 & n.1. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). De Jong has not even attempted to show diligence, and his request for leave to amend is therefore denied.

### CONCLUSION

For the foregoing reasons, Nationstar's motion for summary judgment is granted. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: May 12, 2025

_____
JON S. TIGAR
United States District Judge

---

[1] The Court considers this request even though De Jong did not file a motion seeking such relief and also failed to comply with the Civil Local Rules' requirement that "[a]ny party . . . moving to file an amended pleading must reproduce the entire proposed pleading." Civil L.R. 10-1.